PROB. 12B
(7/93)

**ORIGINAL**

United States District Court

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 0 6 2007

at _11_ o'clock and _00_ min._A_M
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: KIRK SHINKAWA          Case Number: CR 01-00492HG-20

Name of Sentencing Judicial Officer:  The Honorable Helen Gillmor
                                      Chief U.S. District Judge

Date of Original Sentence: 5/27/2003

Original Offense:    POSSESSION WITH INTENT TO DISTRIBUTE A QUANTITY OF
                     HEROIN, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), a
                     Class C felony

Original Sentence:   The defendant is hereby committed to the custody of the
                     United States Bureau of Prisons to be imprisoned for a total term of
                     26 months. Upon release from imprisonment, the defendant shall
                     be on supervised release for a term of 3 years with the following
                     special conditions: 1) That the defendant is prohibited from
                     possessing any illegal or dangerous weapons; 2) That the
                     defendant participate in a substance abuse program, which may
                     include drug testing at the discretion and direction of the Probation
                     Office; and 3) That the defendant provide the Probation Office
                     access to any requested financial information.

Type of Supervision: Supervised Release     Date Supervision Commenced: 12/7/2006

**PETITIONING THE COURT**

[✓]   To modify the conditions of supervision as follows:

**General Condition**:           *That the defendant shall refrain from any unlawful use
                                 of a controlled substance. Shall submit to one drug
                                 test within 15 days of the commencement of
                                 supervision and at least two periodic drug tests
                                 thereafter but no more than 8 valid drug tests per
                                 month during the term of supervision (mandatory
                                 condition).*

Prob 12B
(7/93)

2

**Special Condition No. 4:**  *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

## CAUSE

On 6/7/2007, an unannounced home contact was made at the offender's residence. During regular home contacts, this officer checks the offender's medication bottles to ensure that they are all prescribed to him, by his doctor, for the medications that he is reporting. The offender's medicine bottles are located in plain view in his bedroom. On 6/7/2007, with the offender's stepfather present, this officer reviewed each of the medicine bottles. The label was removed from one of the smaller bottles, and this officer observed what appeared to be a green leafy substance that resembled marijuana contained in the bottle. The offender's stepfather permitted this officer to confiscate the bottle. No other drug paraphernalia was observed in the offender's room. The green leafy substance was tested using a Narcotic Identification System test kit, and the results indicated that the substance was marijuana. It is noted that the marijuana appeared to be less than a gram. This constitutes a petty misdemeanor according to Hawaii Revised Statute 712.1249, Promoting a Detrimental Drug in the Third Degree.

On 6/8/2007, the offender reported to the Probation Office and readily admitted that he was in possession of the marijuana confiscated by this officer. The offender explained that on or about the night of 6/6/2007, upon arriving home, Honolulu Police Officers were arresting individuals in the lane that he lives in. While walking to his residence, the offender found a bag on the ground which he hoped contained money. He took the bag home to find that it contained a plastic bag with marijuana. The offender informed that he was afraid to discard the marijuana at his parent's home, so he placed it in the medicine bottle intending to throw it away the next morning. However, he forgot to take it with him when he left the house the next day. The offender submitted a urine specimen that tested negative for illicit drugs. The offender was verbally admonished for this violation and counseled on how he could have handled this situation differently.

At this point in time, the offender has been on supervision for approximately 6 months. Since his release, he has submitted approximately 27 urine specimens, all of which tested negative for illicit drugs, and he has completed counseling sessions with Freedom Recovery Services without incident. The offender attends regular Alcoholic's Anonymous/Narcotic's Anonymous (AA/NA) meetings and reports to a home group weekly where he meets with a sponsor. The offender reportedly shared this violation

Prob 12B
(7/93)

3

with his home group. In addition, the offender is currently serving a term of parole with the Hawaii Paroling Authority, and this officer maintains contact with his Parole Officer. The offender voluntarily reported this violation to his Parole Officer. Lastly, the offender receives services from the Department of Vocational Rehabilitation (DVR), and they are currently sending the offender to computer classes at Honolulu Community College.

Based on the offender's admission and willingness to recognize the seriousness of the violation, we are respectfully recommending that the Court modify the supervised release conditions and impose the aforementioned special conditions. The offender has accepted responsibility for his behavior as indicated by voluntarily sharing the violation with his AA/NA home group and his Parole Officer. The marijuana is a user amount that constitutes a petty misdemeanor by state law. The offender has an extensive drug history; however, marijuana has historically not been his drug of choice. In addition, the offender has not tested positive for any illicit drugs since the onset of supervision and did not test positive for any illicit drugs subsequent to our office confiscating the marijuana. It is for these reasons that we are not inclined to initiate revocation proceedings at this time. The offender has been advised that future violations of this nature may result in revocation of his supervised release status.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 6/29/2007

Prob 12B
(7/93)

4

THE COURT ORDERS:

[X]   The Modification of Conditions as Noted Above
[ ]   Other

_____
HELEN GILLMOR
Chief U.S. District Judge

7·5·07
_____
Date


PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]   To modify the conditions of supervision as follows:

**General Condition:** *That the defendant shall refrain from any unlawful use of a controlled substance. Shall submit to one drug test within 15 days of the commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).*

**Special Condition No. 4:** *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

Witness: _____
LISA K.T. JICHA
U.S. Probation Officer

Signed: _____
KIRK SHINKAWA
Supervised Releasee

6-13-07
Date